## PEOPLE ex rel. ESTOFF v. CHAMBERLAIN.

(Supreme Court, Special Term, Erie County. August, 1907.)

1. BASTARDS—DUTY TO SUPPORT. ·

Under the express provisions of Code Cr. Proc. § 839, a mother is liable for the support of her bastard child if able to support it, and if she wrongfully neglects to do so she may be prosecuted for abandonment, or proceeded against under section 857, providing that if the mother of a child, chargeable or likely to become chargeable to a county, city, or town, has property, any two magistrates of the county or city where she is must examine into the matter, and may make an order charging the mother with the payment of money for the support of her child.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bastards, § 23.]

2. PAUPERS—BASTARDS—SUPPORT BY COUNTY.

Under the express provisions of Code Cr. Proc. § 839, where a father and mother neglect or are unable to support their bastard child, it must be supported by the county.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Paupers, § 164.]

3. SAME.

Poor Law, Laws 1896, p. 158, c. 225, § 62, makes bastards a public charge; and section 65 requires county superintendents to provide for them in the same manner as for the poor of the county. Pen. Code, § 117b (Laws 1896, p. 631, c. 550), makes neglect of such duty by the superintendent of the poor a misdemeanor. Section 22 of the poor law (Laws 1896, p. 144, c. 225) provides that a minor removed to an almshouse must be there supported until he is bound out or otherwise cared for as provided by section 56. Section 56, c. 225, p. 155, Laws 1896, makes it the duty of the superintendent to place a child under the age of 16 years as speedily as possible with a family or in an appropriate institution for the care of children. *Held* that, a bastard child having been admitted to a

county almshouse with its mother, who left, and the superintendent having returned it to her, he could be compelled by mandamus to again remove the child to the almshouse, and to maintain it until its discharge in accordance with law.

Application by the people, on relation of one Estoff, for a peremptory writ of mandamus to compel one Chamberlain, superintendent of the poor, to. remove relator's bastard child to the almshouse and .maintain it there until its discharge in accordance with law. Writ granted.

Charles Newton, for relator.

Charles H. Addington, for respondent.

POUND, J. Relator is liable for the support for her bastard child, if she is able to support it. Code Cr. Proc. § 839. If she is able to support it, and wrongfully neglects or refuses to do so, she may be prosecuted for abandonment, or proceeded against under Code Cr. Proc. § 857, or both. But if she neglects to support it, or is unable to do so, it must be supported by the county. Code Cr. Proc. § 839.

The poor law (Laws 1896, p. 158, c. 225, § 62) makes bastards a public charge, and section 65 of said act requires county superintendents to provide for them in the same manner as for the poor of the county. Pen. Code, § 117b (Laws 1896, p. 631, c. 550), makes neglect of such duty by the superintendent of the poor a misdemeanor. Relator does not choose to support her child, and no order has been obtained that she pay toward such support; nor does it appear that she possesses any property in her own right.

The bastard had once been admitted to the county almshouse with its mother, who left, leaving her child behind. The superintendent of the poor has seen fit to return the child to its mother, on the theory, apparently, that there is the best place for it and that he is vested with discretionary powers as to the disposition of the child. The law plainly defines the duty of the superintendent. The child, once admitted to the almshouse, must be supported and relieved in such institution (Poor Law, Laws 1896, p. 144, c. 225, § 22) until it is bound out or otherwise cared for, as provided by section 56 of the poor law (Laws 1896, p. 155, c. 225). It is the duty of the superintendent, under the section of the poor law last cited, to place the child as speedily as possible with a family or in an appropriate institution for the care and support of children. This disposition of the child relieves the mother of responsibility therefor. From a sociological viewpoint such result may, in the eyes of some, be deplorable; but, if any remedy should be applied, it must be a legislative one.

Let a peremptory writ be issued, but without costs.

---

(121. App. Div. 385.)